## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

WILLIAM JOHNSON,

               Plaintiff,

     v.

CINCOR PHARMA, INC., JAMES HEALY,
DAVID ALLISON, MAINA BHAMAN,
MARC DE GARIDEL, TROY IGNELZI,
JASON PITTS, JOHN F. THERO, and JUNE
LEE,

               Defendants.

Case No. _____

**COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES
LAWS**

**JURY TRIAL DEMANDED**

Plaintiff William Johnson ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.     This is a stockholder action brought by Plaintiff against CinCor Pharma, Inc. ("CinCor" or the "Company") and the members of CinCor's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell CinCor to AstraZeneca PLC ("AstraZeneca") (the "Proposed Transaction").

2.      On January 8, 2023, CinCor entered into an Agreement and Plan of Merger with AstraZeneca Finance and Holdings Inc. ("Parent"), a wholly owned subsidiary of AstraZeneca, and Parent's wholly owned subsidiary Cinnamon Acquisition, Inc. ("Purchaser") (the "Merger Agreement").  Under the terms of the Merger Agreement, each CinCor shareholder will have the right to receive: (i) $26.00 per share in cash, plus (ii) one contingent value right per share ("CVR"), which represents the right to receive a contingent payment of $10.00 in cash per share upon the achievement of a specified milestone (the "Milestone Payments"), via a tender offer (the "Tender Offer").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on January 23, 2023.

3.      On January 23, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC.  Specifically, the Recommendation Statement, which recommends that CinCor stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (iii) potential conflicts of interest faced by Centerview.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as CinCor stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5.      The Tender Offer is currently scheduled to expire at one minute following 11:59 p.m., Eastern Time, on February 23, 2023.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and CinCor's other shareholders to make an informed decision

whether to tender their shares in the Tender Offer or seek appraisal.  Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  CinCor's common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of CinCor common stock.

10.     Defendant CinCor is a Delaware corporation, with its principal executive offices located at 230 Third Avenue, 6th Floor, Waltham, Massachusetts 02451.  CinCor's shares trade on the Nasdaq Global Market under the ticker symbol "CINC."

11.     Defendant James Healy has been Chairman of the Board and a director of the Company at all relevant times.

12.     Defendant David Allison has been a director of the Company at all relevant times.

13.     Defendant Maina Bhaman has been a director of the Company at all relevant times.

14.     Defendant Marc de Garidel has been Chief Executive Officer and a director of the Company at all relevant times.

15.     Defendant Troy Ignelzi has been a director of the Company at all relevant times.

16.     Defendant Jason Pitts has been a director of the Company at all relevant times.

17.     Defendant John F. Thero has been a director of the Company at all relevant times.

18.     Defendant June Lee has been a director of the Company at all relevant times.

19.     Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20.     CinCor is a clinical-stage biopharmaceutical company focused on developing its lead clinical candidate, baxdrostat, or CIN-107, for the treatment of hypertension and other cardio-renal diseases.  Baxdrostat is a highly selective, oral small molecule inhibitor of aldosterone synthase, the enzyme responsible for the synthesis of aldosterone in the adrenal gland.  Baxdrostat has been designed to use a differentiated mechanism of action, direct inhibition of aldosterone synthase production, with the goal of providing an improved treatment for patients suffering from hypertension, or high blood pressure.  The Company has completed a Phase 2 clinical trial ("BrigHtn") of baxdrostat in patients whose blood pressure is not controlled despite treatment with three or more antihypertensive agents, including a diuretic, which is referred to as treatment resistant hypertension.  CinCor reported positive topline BrigHtn results in August 2022.  The Company also has an ongoing Phase 2 clinical trial in patients whose blood pressure is not

controlled despite treatment with one or more antihypertensive agent, which is referred to as uncontrolled hypertension.

**The Proposed Transaction**

21.     On January 9, 2023, CinCor announced that it had entered into the Proposed Transaction, stating, in relevant part:

> WALTHAM, MA, January 9, 2023 (GLOBE NEWSWIRE) — CinCor Pharma, Inc. (NASDAQ: CINC) today announced that it has entered into a definitive agreement with AstraZeneca under which AstraZeneca has agreed to acquire CinCor.
>
> Marc de Garidel, Chief Executive Officer at CinCor, said: "We are excited about the proposed acquisition of CinCor Pharma by AstraZeneca as we believe it offers the prospect of accelerating the development timeline and expanding the breadth of benefits patients with cardiorenal diseases might obtain from baxdrostat, if approved. CinCor is committed to ensuring a smooth transition of the development responsibilities to AstraZeneca once the acquisition is consummated. Thank you to all who have played, and will continue to play, essential roles in developing and evaluating baxdrostat as a potential novel treatment for cardiorenal diseases."
>
> James Healy, M.D., Ph.D., Chairman of CinCor's Board of Directors and Managing Partner at Sofinnova Investments, added: "AstraZeneca's shared commitment to addressing the unmet medical need for patients with hypertension and cardiorenal disease will accelerate CinCor's mission to develop and deliver life-changing therapies that improve patient care. The CinCor management team has laid very important scientific and clinical groundwork for the baxdrostat program, including the successful Phase 2 BrigHtn trial that was recently published in the New England Journal of Medicine. On behalf of CinCor's Board of Directors, I would like to recognize and thank the CinCor team, scientific advisors and patients for their dedication and contributions to the advancement of the development of baxdrostat."
>
> Under the terms of the merger agreement, AstraZeneca is obligated to initiate a tender offer by January 23, 2023 to acquire all of CinCor's outstanding shares for a price of $26.00 per share in cash at closing plus a non-tradable contingent value right of $10.00 per share in cash payable upon a specified regulatory submission of a baxdrostat product. The upfront cash portion of the consideration represents a transaction value of approximately $1.3 billion and a 121% premium over CinCor's closing market price on January 6, 2023. Total consideration including the contingent value right, if the milestone is achieved, would be approximately $1.8 billion and a 206% premium over CinCor's closing market price on January 6, 2023. CinCor's Board of Directors has unanimously approved the transaction.

The closing of the tender offer is subject to certain conditions, including the tender of shares of CinCor common stock representing at least a majority of the total number of CinCor's outstanding shares, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary conditions. CinCor stockholders holding approximately 44.8% of CinCor common stock have entered into a tender and support agreement with AstraZeneca, pursuant to which such stockholders have agreed, among other things, to tender 100% of their shares of CinCor common stock in the tender offer, subject to the terms and conditions of such agreement. Upon the successful completion of the tender offer, AstraZeneca's acquisition subsidiary will be merged with and into CinCor, and any remaining shares of common stock of CinCor will be cancelled and converted into the right to receive the same merger consideration (including the contingent value right) per share payable in the tender offer. Subject to the satisfaction of the conditions in the merger agreement, the acquisition is expected to close in the first quarter of 2023.

**The Materially Incomplete and Misleading Recommendation Statement**

22.     On January 23, 2023, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC.  The Recommendation Statement, which recommends that CinCor stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by Centerview; and (iii) potential conflicts of interest faced by Centerview.

*Material Misrepresentations and/or Omissions Concerning CinCor's Financial Projections*

23.     The Recommendation Statement fails to disclose material information concerning the financial projections for CinCor.

24.     For example, the Recommendation Statement sets forth that the Company's projections are "risk-adjusted."  *See* Recommendation Statement at 34-37.  The Recommendation Statement, however, fails to disclose a summary of the Company's non-risk-adjusted projections.

25.     Additionally, the Recommendation Statement fails to disclose a summary of the prior sets of CinCor management's projections utilized or reviewed by Centerview or the Board in connection with the sale process, or a description of the revisions made to the various projection sets, including with respect to: (i) the "preliminary risk-adjusted long-term financial projection prepared by senior management and related assumptions" utilized in connection with the July 5, 2022 Board meeting (*see id.* at 17); and (ii) the "preliminary risk-adjusted long-term financial projections prepared by senior management and related assumptions" reviewed with the Board and relied upon by Centerview at the August 30, 2022 Board meeting. *See id.* at 48-49.

26.     Further, during Board meetings held on December 20 and December 21, 2022, the Recommendation Statement sets forth that in connection with discussing potential adjustments to the Company's projections, the Board "reviewed illustrative sensitivities ranges prepared by Centerview showing the impact to a discounted cash flow valuation of CinCor from potential adjustments proposed by CinCor senior management to probabilities of success, marketing expenses, sales expenses and product launch timing." *Id.*at 25.  The Recommendation Statement, however, fails to disclose the sensitivities ranges prepared by Centerview and reviewed by the Board.

27.     Moreover, in connection with rendering its fairness opinion, the Recommendation Statement sets forth that Centerview reviewed "certain financial forecasts, analyses and projections and probabilities of success relating to CinCor and the probability of realizing the Milestone Payments under the CVR Agreement prepared by CinCor's management and furnished to Centerview by CinCor for purposes of Centerview's analysis." *Id.* at 37-38.  The Recommendation Statement, however, fails to disclose the probability of realizing the Milestone Payments prepared by Company management and relied upon by Centerview.

28.     The Recommendation Statement further fails to disclose all line items underlying the Company's: (i) Non-GAAP Operating Income; and (ii) Unlevered Free Cash Flow, for each of the Company's "Management Projections" and "Pre-Halo Projections."

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

29.     The Recommendation Statement fails to disclose material information concerning Centerview's financial analyses.

30.     With respect to Centerview's *Analysis of Offer Price*, the Recommendation Statement fails to disclose a quantification of the inputs and assumptions underlying the discount rate of 13.0%.

31.     With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose a quantification of: (i) the terminal values for the Company; and (ii) the inputs and assumptions underlying the discount rates ranging from 12.0% to 14.0%.

32.     With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

33.     With respect to Centerview's *Precedent Premiums Paid Analysis*, the Recommendation Statement fails to disclose: (i) the identities of the transactions observed; and (ii) the individual premia for each transaction.

*Material Misrepresentations and/or Omissions Concerning Centerview's Potential Conflicts of Interest*

34.     The Recommendation Statement fails to disclose material information concerning Centerview's potential conflicts of interest.

35.     For example, the Recommendation Statement fails to disclose whether Centerview has performed any services for any parties to the tender and support agreements executed in

connection with the Proposed Transaction, who collectively hold approximately 44.8% of the Company's common stock, in the two years preceding the date of its fairness opinion as well as any compensation received for such services.

36. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Centerview Partners LLC," and "Background of Offer and Merger" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of CinCor will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the
Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

37. Plaintiff repeats all previous allegations as if set forth in full.

38. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting CinCor stockholders to tender their shares in the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

41. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

42.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

43.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

44.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.   Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

45.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of CinCor, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

46.     Plaintiff repeats all previous allegations as if set forth in full.

47.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

48.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to CinCor stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Centerview's financial analyses, and potential conflicts of interest faced by Centerview.

49.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

50.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

51.     Plaintiff repeats all previous allegations as if set forth in full.

52.     The Individual Defendants acted as controlling persons of CinCor within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of CinCor, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Recommendation Statement.

55.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues

and information that they reviewed and considered—descriptions the Company directors had input into.

56. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, CinCor stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of CinCor, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  January 25, 2023              **ACOCELLI LAW, PLLC**


By   *&#47;s&#47; Richard A. Acocelli*
      Richard A. Acocelli
      33 Flying Point Road, Suite 131
      Southampton, NY 11968
      Tel: (631) 204-6187
      Email: racocelli@acocellilaw.com

      *Attorneys for Plaintiff*